UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,                              Case Number 16-20259

v.                                               Honorable David M. Lawson

ALAN CORBIN,

                    Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM THE FINANCIAL RESPONSIBILITY PROGRAM

Defendant Alan Corbin is serving a prison sentence for robbery. Restitution was ordered as part of his sentence, and he was ordered to participate in the Inmate Financial Responsibility Program (IFRP). He has filed a motion asking to be removed temporarily from the Inmate Financial Responsibility Program. He states that he is not qualified for the higher-paying Bureau of Prisons (BOP) jobs that would pay him earnings sufficient to make restitution payments. The record indicates that the defendant's economic circumstances have not materially changed, however, as is required for the Court to adjust his payment schedule. The motion, therefore, will be denied.

I.

Defendant Alan Corbin pleaded guilty to Hobbs Act robbery, 18 U.S.C. § 1951(a), and brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. 924(c)(1)(A). On October 18, 2017, the Court sentenced the defendant to 144 months in prison and ordered him to pay a $200 special assessment and restitution of $22,714. The Court also ordered him to make payments according to a schedule established by the probation department and to participate in the Inmate Financial Responsibility Program.

Corbin made five $25 payments toward the special assessment in 2019 and 2020.  During that period, more money was deposited in Corbin's trust fund account, enabling him to make larger financial responsibility payments.  His 2021 payment schedule therefore was adjusted upward, so that the defendant was required to make quarterly $100 restitution payments.  However, when the first such payment came due on March 6, 2021, the defendant only paid $50.36.   As of August 30, 2021, Corbin had made no other payments.  He still owed $24.66 on the special assessment and all $22,714 in restitution.

The record suggests that the defendant had sufficient funds in his trust fund account to make certain financial responsibility payments but took steps to avoid them.  For example, the defendant had $598.89 in his account on February 5, 2021, one month before his March 6, 2021 payment was due.  However, the defendant moved $267 to his phone account on February 25, 2021, which he returned on March 7, 2021, the day after he made the partial, $50.36 payment.  Similarly, on July 30, 2021, the defendant moved $125 to his phone account, leaving his trust fund account balance at $0.25 and rendering him unable to make his August 6, 2021 financial responsibility payment.  The defendant registered a $0 payment on that date.  Later the same day, he returned $125 from his phone account to his trust fund account.

The defendant has received more than $4,000 in deposits to this trust fund account over the past two years, including a $1,400 stimulus check and more than $2,600 from Western Union deposits.

On August 8, 2021, the defendant filed a motion asking the Court to temporarily relieve him from participating in the financial responsibility program.  He contends that he cannot afford to fulfill his financial responsibility program obligations.  He says that he is only able to make payments when his mother or sister give him money because his education level only qualifies him

for BOP jobs earning $5.35 a month.  The defendant is working toward his GED, which he asserts

will allow him to find a better-paying BOP job.  In the meantime, however, the defendant argues

that he is being unreasonably punished for his inability to make restitution payments, including

through limits on his commissary spending, phone privileges, and use of his email and his trust

fund account.

The government argues that the defendant can afford to make quarterly restitution

payments but manipulates his trust fund account to suggest otherwise.  It alleges that the defendant

moves funds out his trust fund account before IFRP payments are due, then later returns the funds.

II.

As a general rule, a federal court may not modify a criminal sentence once it has been

imposed.  *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).  There are statutorily

authorized exceptions, such as those allowing "compassionate release." *See* 18 U.S.C. § 3582(c).

But that exception addresses a court's authority to "modify a term of imprisonment." *Ibid.*

However, Congress also has authorized courts to modify restitution orders after they have

been imposed as part of a sentence.  18 U.S.C. § 3664(k); *United States v. Holley*, No. 19-5492,

2020 WL 2316052, at *2 (6th Cir. Jan. 29, 2020) (order) ("Under the Mandatory Victims

Restitution Act ('MVRA'), 18 U.S.C. § 3663A, a district court may modify a final order of

restitution upon a showing of a material change in the defendant's circumstances.") (citing 18

U.S.C. § 3664(k)). Section 3664(k) does not authorize modification of the amount of restitution,

but it does permit the Court to modify any schedule for payment of restitution that was imposed

by the Court. *Holley*, 2020 WL 2316052, at *2.  Section 3664(k) "authorizes courts to 'adjust the

payment schedule, or require immediate payment in full, as the interests of justice require' in the

event of a 'material change in the defendant's economic circumstances that might affect the

defendant's ability to pay restitution.'" *United States v. West*, No. 04-171, 2019 WL 3842859, at

*1 (E.D. Tenn. Aug. 14, 2019) (quoting 18 U.S.C. §§ 3664(k)).   "Though only the payment

schedule, and not the restitution amount, may be modified through this statute, this may be done

at any time." *United States v. Holley*, No. 12-00065, 2019 WL 1756258, at *2 (E.D. Ky. Apr. 19,

2019), *aff'd,* No. 19-5492, 2020 WL 2316052 (6th Cir. Jan. 29, 2020).

Section 3664(k) does not extend any authority to modify the operation of the IFRP or its

payment policies as applied to the defendant.   However, it plainly does allow the Court to modify

the judgment to delete any reference to the IFRP, as that amounts to an "adjust[ment of] the

payment schedule." *See also United States v. Hack*, 999 F.3d 980, 985 (6th Cir. 2021) (holding

that, while district courts must set a restitution payment schedule, they have significant discretion

in determining the schedule's precise terms) (citing *United States v. Bogart*, 576 F.3d 565, 574

(6th Cir. 2009); *United States v. Perry*, 360 F.3d 519, 535 (6th Cir. 2004)).

Nonetheless, Corbin has not demonstrated that his economic circumstances have materially

changed in ways that affect his ability to pay restitution. *See United States v. London-Clayton*,

487 F. Supp. 3d 626, 628 (E.D. Mich. 2020) (quoting *West*, 2019 WL 3842859 at *1).   To the

contrary, the record suggests that the defendant's economic circumstances have improved over

time due to the support of his family and the financial stimulus payments Congress authorized in

response to the COVID-19 pandemic. *See* Bank Records, ECF No. 109; Stimulus Payment, ECF

No. 106, PageID.607.   The defendant objects to using gifts from his family to pay restitution, but

he offers no reason why he cannot use some of the other funds he has earned to satisfy that aspect

of his judgment.   Nor has he justified his apparent efforts to manipulate his trust fund account to

avoid compliance with the financial responsibility program.   The defendant's trust fund records

suggest that he has at least twice moved money out of his account in the days before a financial

- 5 -

responsibility program payment was due, only to return the funds to his account after he avoided

or minimized the payment.  Bank Records, ECF No. 109, PageID.618-21.  As a result of these

efforts, the defendant has yet to make any restitution payments.  The interests of justice would not

be served by relieving Corbin of the responsibility of making future payments by deleting from

his judgment the reference to the Inmate Financial Responsibility Program.

III.

Accordingly, it is **ORDERED** that the defendant's motion for relief from the financial

responsibility program (ECF No. 105) is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   April 26, 2023