UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                                Case Number 16-20259

v.                                                     Honorable David M. Lawson

ALAN CORBIN,

                Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S
## MOTION FOR REDUCTION OF SENTENCE

Defendant Alan Corbin pleaded guilty to Hobbs Act Robbery and brandishing a firearm. He was sentenced on October 18, 2017 to a prison term totaling 144 months. Corbin recently filed a motion to be resentenced, without the assistance of an attorney. He makes reference to 18 U.S.C. § 3581(c)(2), the statute that permits the Court to reduce a sentence that was based on a sentencing guideline range that since has been lowered with a retroactive change by the Sentencing Commission. Corbin does not identify the guideline amendment that he thinks may provide him with relief, but a good candidate is Amendment 821, enacted and made retroactive by the United States Sentencing Commission, which changed the way criminal history status points are calculated. When Corbin was sentenced, his criminal history score included two criminal history points for being on parole when the crime was committed. However, recalculating his criminal history with the benefit of Amendment 821 applied would not change Corbin's actual criminal history category or his guideline range. Therefore, he is not entitled to relief, and the motion will be denied.

"District courts generally may not reconsider a sentence after they have imposed it." *United States v. Thomas*, No. 24-3421, 2024 WL 5055405, at *2 (6th Cir. Dec. 10, 2024) (citing

18 U.S.C. § 3582(c); *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)).  "But Congress has created a few exceptions to this rule.  As relevant here, a district court may reduce a sentence if the Sentencing Commission later lowers the defendant's 'sentencing range' and if the reduction would comport with the sentencing 'factors' in 18 U.S.C. § 3553(a) and the 'policy statements' that the Commission has issued." *Ibid.* (citing 18 U.S.C. § 3582(c)(2)).

"The applicable policy statement identifies the specific guidelines amendments (including Amendment 821) that allow defendants to seek reduced sentences." *Ibid.* (citing U.S.S.G. § 1B1.10(d)).  "The Supreme Court has told district courts to review motions for a reduced sentence under § 3582(c)(2) in two steps — one legal and one discretionary." *Ibid.* (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010); *United States v. Goodwin*, 87 F.4th 321, 326 (6th Cir. 2023)). "Courts should first ask whether a defendant meets the legal requirements for a reduced sentence under § 1B1.10.  If so, courts should then ask whether the § 3553(a) factors justify a reduced sentence.  At this second step, the statute gives district courts substantial discretion to decide whether to reduce a sentence." *Ibid.* (citations omitted).

When assessing the first (legal) requirement, courts must determine if the defendant's sentence was based on a sentencing guideline range that an amendment subsequently reduced. That is, the "guidelines amendment must have the effect of lowering the defendant's applicable guideline range." *United States v. Cook*, 870 F.3d 464, 467 (6th Cir. 2017) (quoting *United States v. Hameed*, 614 F.3d 259, 269 (6th Cir. 2010); U.S.S.G. § 1B1.10(a)(2)(B)) (cleaned up).  "That determination calls for a comparison of the original applicable guideline range with the new range that results from applying the retroactive amendments." *United States v. Benson*, 770 F. Supp. 3d 1070, 1072 (E.D. Mich. 2025) (citing U.S.S.G. § 1B1.10(b)(2)(B)).

"In 2023, the [Sentencing] Commission's Amendment 821 changed [the] guideline" governing the computation of a defendant's criminal history category. *United States v. Thomas*, No. 24-3421, 2024 WL 5055405, at *1 (6th Cir. Dec. 10, 2024) (citing U.S. Sentencing Comm'n, Guidelines Manual App. C., Am. 821 (Part A) (Nov. 2023)).  "Defendants now receive only one additional criminal-history point if they commit their current offense while subject to a prior sentence," and they "receive this additional point only if they already have at least seven criminal-history points based on their prior offenses." *Ibid.* (citing U.S.S.G. § 4A1.1(e) (2023)).  "The Commission made Amendment 821 retroactive." *Id.* at *2 (citing U.S.S.G. § 1B1.10(d), (e)(2), & cmt. n.7).

At the sentencing hearing, the Court determined that Corbin's combined sentencing guideline range was 141 to 155 months, based on a net offense level of 21 for the Hobbs Act robbery count and a criminal history category of IV, and after adding 84 months for the mandatory consecutive sentence for brandishing the firearm.  His criminal history included one three-point prior conviction, one two-point conviction, two one-point convictions, and one 0-point conviction, which totaled seven criminal history points.  Because Corbin was on parole to state court for a firearm crime at the time he committed the offense of conviction, two additional points — so-called "status points" — were added, to bring the total to nine criminal history points. U.S.S.G. § 4A1.1(e).  Those nine points earned Corbin a category-IV designation.

Under Amendment 821, Part A, Corbin would now receive only one status point, not two, because the subtotal of his criminal history points was seven.  His total criminal history points then would add up to eight.  But eight criminal history points still places Corbin in criminal history category IV.  Therefore, his sentencing guideline range would not change.

- 4 -

Because Amendment 821 did not "have the effect of lowering the defendant's applicable guideline range," Corbin is not eligible for relief from his prison sentence under 18 U.S.C. § 3582(c)(2).

Accordingly, it is **ORDERED** that the defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) (ECF No. 111) is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   May 18, 2026

- 4 -